**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 3226701 CANADA, INC.,<br>Plaintiff,<br>v.<br>QUALCOMM, INC., et al.,<br>Defendants. | Case No.: 15cv2678-MMA (WVG)<br>**ORDER GRANTING JOINT MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58(d) AND 60(b)**<br>[Doc. No. 78] |

On November 16, 2017, Lead Plaintiff, the Public Employees Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and all others similarly situated, and Defendants Qualcomm, Inc., Steven M. Mollenkopf, Derek K. Aberle, George S. Davis, Venkata S.M. Renduchintala, Cristiano Amon, and Tim McDonough (collectively, "Defendants"), jointly moved for "limited relief from the October 20, 2017 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Second Amended Class Action Complaint ("MTD Order")." Doc. No. 78 at 2. The parties explain that Lead Plaintiff should be relieved from the MTD Order under Federal Rule of Civil Procedure 60(b)(6) because the only two remaining alleged misrepresentations were made after the final corrective disclosure. *Id.* at 3; *see* Fed. R. Civ. P. 60(b)(6) (stating that the Court may relieve a party from an order for "any reason that justifies relief").

Specifically, the parties explain that the two remaining alleged misrepresentations were made in an earnings conference call on January 28, 2015 at 4:45 p.m. EST and after the January 28, 2015 press release, which is the final corrective disclosure. *See* Doc. No. 61, Exhibit 3 at 8 (stating in the January 28, 2015 press release that the earnings conference call "will be broadcast live on January 28, 2015, beginning at 1:45 p.m. Pacific Time"); *see also* Doc. No. 61, Exhibit 9 (stating that the earnings conference call began at "9:45 p.m. GMT"). As a result, Lead Plaintiff states that it will be unable to make a showing of reliance or a causal connection between the material misrepresentation and the loss. *Id.* Accordingly, Lead Plaintiff "seeks relief from the MTD Order and entry of final judgment pursuant to [Federal] Rule [of Civil Procedure] 58(d)" because the "practical and legal effect of the MTD Order is that Lead Plaintiff will be unable to obtain relief on the surviving, alleged misrepresentations." *Id.* at 4.

Based on the foregoing, the Court **GRANTS** the parties' joint motion and **DISMISSES** all remaining claims with prejudice. The Clerk of Court is instructed to enter judgment for Defendants and close this case.

**IT IS SO ORDERED**.

Dated: November 29, 2017



Hon. Michael M. Anello
United States District Judge